UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELLAM ISMAIL, et al., | Case No. C-12-80080 YGR (JCS) |
| Petitioners, | |
| v. | **ORDER TO SHOW CAUSE RE: PETITION TO QUASH THIRD PARTY SUMMONS [Docket No. 1]** |
| INTERNAL REVENUE SERVICE, et al., | |
| Respondents. | |

On March 14, 2012, petitioners Sellam Ismail and Maria Ismail ("Petitioners") filed a petition to quash a summons issued by the Internal Revenue Service ("IRS") to Valley Community Bank. Petition to Quash Third Party Summons ("Petition"), 2. Petitioners have not filed with this Court a copy of the summons, but they allege IRS Agent Alma Quintero issued the summons on or about February 15, 2012. *Id.* Petitioners have also failed to file a proof of service. Respondents IRS and Agent Quintero have not responded to the Petition. Before the Court considers the substance of the underlying petition, the Court ORDERS Petitioners to respond to the issues described below.

Although Petitioners do not cite their basis for jurisdiction, the only apparent basis for their petition is Section 7609 of the Internal Revenue Code. However, Section 7609 permits a suit only against the United States, not against the IRS or its agents. *Fisher v. United States*, 676 F. Supp. 2d 1165, 1168 (W.D. Wash. 2009) (citing *Kernan v. Internal Revenue Serv.*, 2006 WL 2091668, at *1 & n. 2 (D. Ariz. July 25, 2006)). Petitioners have not named the United States as Respondent. If Petitioners do not name a party amendable to suit under Section 7609, the Court must deny the Petition. *See Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982) (Absent waiver of sovereign immunity, "dismissal of the action is required."); *see also Fisher*, 676 F. Supp. 2d at 1168 ("Regardless whether the [petitioners] have valid claims against the IRS or [the IRS Agent], they cannot pursue them via their 26 U.S.C. § 7609 petition."). Petitioners are therefore ORDERED TO SHOW CAUSE why the Court should not deny the Petition for failing to name the United States as

Respondent.

Additionally, Petitioners have failed to establish that they have met Section 7609's statutory requirements. Section 7609(b)(2) instructs that any person entitled to notice of an IRS administrative summons's issuance to a third party has standing to challenge the validity of that summons. *See Stewart v. United States*, 511 F.3d 1251, 1253 (9th Cir. 2008). Specifically, it provides that "any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons . . . in the manner provided in subsection (a)(2)." 26 U.S.C. § 7609(b)(2)(A). Section 7609(a), in turn, provides that "any person (other than the person summoned) who is identified in the summons" shall be given notice of the summons. *Id.* § 7609(a)(1); *see Stewart*, 511 F.3d at 1253 (holding that only those persons identified in a summons are entitled to notice of its issuance). Therefore, "under the plain meaning of § 7609(b)(2), only those persons so identified have standing to petition to quash." *Stewart*, 511 F.3d at 1253 (citations omitted).

Those persons with standing must then begin a proceeding to quash such summons, if at all, not later than 20 days after notice is given pursuant to subsection (a)(2). 26 U.S.C. § 7609(b)(2)(A). The requirements for service of a petition to quash an IRS summons are set forth in 26 U.S.C. § 7609(b)(2)(B). That section requires a moving party, within the 20-day period referred to in subsection (A), to serve by registered or certified mail a copy of the petition on the person summoned by the IRS and on any office designated in the notice provided with the original IRS summons. *Id.* § 7609(b)(2)(B).

Because Petitioners failed to file a copy of the summons with their Petition, the Court cannot conclude that Petitioners are identified in the summons and therefore have standing to quash the summons or that the Petition is timely. They have also not provided any documentation, or made any allegation, that they have met Section 7609's service requirements. Specifically, Petitioners have failed to establish that they noticed Valley Community Bank, and any government office or official designated in the notice of summons as requiring notice of the present Petition.[1] Indeed,

---

[1] A copy of the notice of summons has also not been submitted to the Court and the Court is therefore unable to determine the identities of the offices and persons that Petitioners were required to notice under Section 7609(b)(2)(B). Additionally, without the notice of summons, the Court is unable to determine if Petitioners served notice within the 20-day period. *See* 26 U.S.C. § 7609(b)(2)(B); *see*

2

1  Petitioners have not filed any proof of service.  Petitioners are accordingly ORDERED TO SHOW
2  CAUSE why the Petition should not be denied for failure to satisfy Section 7609's statutory
3  requirements.
4      Petitioners are hereby ORDERED to respond to each of the issues above on or before May 7,
5  2012.
6      IT IS SO ORDERED.

8  Dated: April 23, 2012

10         _____
           JOSEPH C. SPERO
           United States Magistrate Judge

---

28  *also Strong v. United States*, 57 F. Supp. 2d 908, 916 (N.D. Cal. 1999) (Report and Recommendation of LaPorte, J. adopted by Wilken, J.) ("Failure to properly serve either the third party or the government within the 20 day period is [] a jurisdictional defect" and dismissal is warranted. (citing *Nosewicz v. United States*, 1995 WL 155510 (D. Ariz. Jan. 5, 1995))).